IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE BELTRAN,

    Petitioner,                      No. 2:12-cv-0582 WBS CKD P

    vs.

GARY SWARTHOUT,                  ORDER &
    Respondent.             FINDINGS AND RECOMMENDATIONS
_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        Petitioner challenges the September 2010 decision by the California Board of Parole Hearings ("Board") finding him unsuitable for parole. He also alleges that delaying his next parole hearing for three years pursuant to Cal. Penal Code § 3041.5(b) ("Marsy's Law") violates the Ex Post Facto Clause of the Constitution. Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears that petitioner is not entitled to relief in this court. For the reasons set forth below, the court will recommend that the petition be dismissed for failing to state a federal habeas claim.

////

////

I. Request to Proceed In Forma Pauperis

Petitioner requests permission to proceed in forma pauperis. Examination of petitioner's in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

II. Screening

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)."[1] It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the

---

[1] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief. Fry v. Pliler, 551 U.S. 112, 119 (2007).

> particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. "Clearly established" federal law is that determined by the Supreme Court. Arredondo v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004). At the same time, it is appropriate to look to lower federal court decisions as persuasive authority in determining what law has been "clearly established" and the reasonableness of a particular application of that law. Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th Cir. 2003), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003); cf. Arredondo, 365 F.3d at 782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of

Supreme Court precedent is misplaced).

A. Due Process

In Claim 1, petitioner asserts that the Board's decision to deny parole was not supported by a "preponderance of the evidence," in violation of his constitutional right to due process. (Dkt. No. 1 ("Ptn.") at 5-23.)[2] He claims that the evidence relied upon by the Board in its decision "failed to establish . . . that Petitioner would pose an unreasonable risk of danger to society[.]" (Id. at 16.)

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

---

[2] Citations to page numbers refer to numbers assigned by the court's docketing system.

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

In Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011), the Supreme Court reviewed two cases in which California prisoners were denied parole – in one case by the Board, and in the other by the Governor after the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review the application of those constitutionally required procedures." Id. at 862. The Court concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence." Swarthout, 131 S. Ct. at 862. In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts as a component of the federal due process standard. Id. at 862-63.

Here, the record establishes that petitioner was represented by counsel at the 2010 hearing, had an English language interpreter at the hearing, received a packet of written material in advance of the hearing, and had the opportunity to examine it prior to the hearing. (Ptn. at 51-52.) The record also establishes that petitioner was heard at the hearing and received a statement of reasons why the Board panel decided to deny him parole. (See id. at 121-136.) Petitioner thus

received all the process due him under the Constitution. Swarthout, 131 S. Ct. 862. His due process claim must be dismissed.

B. <u>Ex Post Facto</u>

In Claim 2, petitioner asserts that the Board's three-year denial of parole pursuant to Marsy's Law violates the Ex Post Facto Clause. Petitioner asserts that Marsy's Law retroactively increased the punishment he received when he was sentenced in 1997. (Ptn. at 23-32.)

California voters passed the "Victims' Bill of Rights Act of 2008," otherwise known as "Marsy's Law." Under California law as it existed prior to the enactment of Marsy's Law, indeterminately-sentenced inmates, such as petitioner, were denied parole for one year unless the parole hearing panel found it unreasonable to expect that parole could be granted the following year, in which case the subsequent hearing could be delayed up to five years. Cal. Penal Code § 3041.5(b)(2) (2008). At his 2010 parole hearing, petitioner was subject to the terms of Marsy's Law, which authorizes denial of a subsequent parole hearing for a period of up to fifteen years. Cal. Pen. Code, § 3041.5(b)(3). The shortest interval that the parole hearing panel may set is three years, applied to petitioner herein, based on a finding that petitioner "does not require a more lengthy period of incarceration . . . than seven additional years." Cal. Pen. Code, § 3041.5(b)(3)(c).

Petitioner states that he presented his Ex Post Facto claim to all three levels of California's courts, and all three denied it.[3] (Ptn. at 3-4.) Section 2254(d)(1) bars federal habeas

---

[3] As petitioner has not attached the decisions of the Los Angeles County Superior Court, the California Court of Appeal, Second Appellate District, or the California Supreme Court, they are not part of the record before the court. However, the undersigned may nonetheless consider whether the state courts' decision to deny petitioner's Marsy's Law claim was unreasonable pursuant to section 2254. Indeed, Marsy's Law claims such as petitioner's are often resolved at the screening stage pursuant to Rule 4 of the Rules Governing Section 2254 Cases. See e.g., Stewart v. Hense, 2011 WL 5024454 (E.D. Cal. Oct. 20, 2011) (summary dismissal of claim that Board's application of Marsy's Law violated ex post facto clause); DeLeon v. Hartley, 2011 WL 2143518 (E.D. Cal. May 13, 2011) (same).

relief unless the state courts' decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Clearly established federal law, as determined by Supreme Court, is as follows with respect to petitioner's ex post facto claims. A law violates the Ex Post Facto Clause if it: (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed. Collins v. Youngblood, 497 U.S. 37, 52 (1990). A court may find an ex post facto violation if a change in the law "produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." California Dep't of Corrections v. Morales, 514 U.S. 499, 509 (1995). The Court has not articulated a specific formula for "identifying those legislative changes that have a sufficient effect on . . . punishments to fall within the constitutional prohibition on [ex post facto laws]." Id. However, the court has found that changes that create only the most "speculative and attenuated possibility of producing the prohibited effect" of increasing punishment do not run afoul of the ex post facto clause. Id.; See Garner v. Jones, 529 U.S. 244, 251 (2000) (legislative change to parole rules must at minimum create "significant risk of prolonging . . . incarceration" to constitute a violation of the Ex Post Facto Clause).

        The Supreme Court has not directly addressed whether application of Marsy's Law to persons convicted prior to its enactment constitutes the sufficient risk of increased punishment prohibited by the Ex Post Facto Clause. However, the Court has addressed an ex post facto challenge to a change in California law concerning the frequency of parole hearings. In Morales, 514 U.S. at 514, the court found that a 1981 amendment to Section 3041.5, which increased maximum deferral period of parole suitability hearings to certain individuals from one to three years, did not violate the Ex Post Facto Clause. Among other things, the court found the fact that an inmate could always seek an expedited hearing if the inmate felt that, between scheduled hearings, circumstances had changed to the point that he or she might at that time be

found suitable for parole. Id. at 512-13. Considering this fact, the Court found: "there is no reason to conclude that the amendment will have any effect on any prisoner's actual term of confinement . . ." Id. at 512.

Also, in Garner v. Jones, 529 U.S. 244 (2000), the Court upheld Georgia's change in the frequency of parole hearings for prisoners serving life sentences from three to eight years in the face of an ex post facto challenge. Again, the Court found it significant that inmates could seek an expedited hearing in the event of a change of circumstances:

> On the record in this case, we cannot conclude the change in Georgia law lengthened respondent's time of actual imprisonment. Georgia law vests broad discretion with the Board, and our analysis rests upon the premise that the Board exercises its discretion in accordance with its assessment of each inmate's likelihood of release between reconsideration dates. If the assessment later turns out not to hold true for particular inmates, they may invoke the policy the Parole Board has adopted to permit expedited consideration in the event of a change in circumstances.

Id. at 256.

Here, as indicated above, the changes to the frequency of parole hearings are more extensive than in Morales and Garner and can potentially result in subsequent parole hearings occurring as much as fifteen years after the prior hearing.[4] However, as in Morales and Garner, the parole board concerned, in this case the California Board of Parole Hearings post-Marsy's Law, has the ability to advance a parole suitability hearing when "a change in circumstances or new information" essentially establishes a reasonable likelihood that an inmate will be found suitable for parole. Cal. Pen. Code, § 3041.5(b)(4).

After reviewing the facts applicable to petitioner's ex post facto claim, clearly established federal law as determined by the Supreme Court, and California statutes and regulations related to the frequency with which parole hearings occurring after the first parole

---

[4] See Gilman, 638 F.3d 1101, 1107-08 (9th Cir. 2011) for a detailed discussion of the differences between the statutes and regulations at issue in Morales, Garner, and in California post-"Marsy's Law."

8

1  hearing must be held, the court finds that the state courts' decision rejecting petitioner's Ex Post
2  Facto claim is not contrary to, nor does it involve an unreasonable application of clearly
3  established federal law as determined by the Supreme Court.  Its conclusion is not out of line with
4  decisions reached by the Supreme Court in both Morales and Garner, especially in light of the fact
5  that, as in Morales and Garner, the parole board concerned can expedite a suitability hearing if the
6  board believes it is reasonable to assume that the inmate in question will be paroled.[5]

7  Petitioner also argues that Marsy's Law violates provisions of California's
8  Constitution and/or California law. (Ptn. at 26-31.)  However, violations of state law do not
9  provide a basis for federal habeas relief.  28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62,
10 67 (1991) ("federal habeas corpus relief does not lie for error in state law.").  Thus, Claim 2
11 should be dismissed.

12 Accordingly, IT IS HEREBY ORDERED that petitioner's application to proceed
13 in forma pauperis is granted.

14 IT IS HEREBY RECOMMENDED that this petition be summarily dismissed
15 pursuant to Rule 4.

16 If petitioner files objections, he shall also address if a certificate of appealability
17 should issue and, if so, as to which issues.  A certificate of appealability may issue under 28
18 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
19 constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate
20 which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

21 These findings and recommendations are submitted to the United States District
22 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

---

[5] Petitioner is informed that there is a 42 U.S.C. § 1983 class action pending in this court where it is alleged that "Marsy's Law" violates the Ex Post Facto Clause of the Constitution. The name of the case is Gilman v. Fisher, CIV-S-05-0830 LKK GGH P and the class of persons identified as plaintiffs in that action consist of California prisoners serving indeterminate sentences, who are eligible for parole and who have been denied parole on one or more occasion. March 4, 2009 Order at 9.  It appears petitioner is a member of that class.

days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 22, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
belt0582.some evid_Marsys